```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

LUIS ZURITA,

                      **ORDER ADOPTING REPORT
                      AND RECOMMENDATION**

           Plaintiff,

  -against-                   13-CV-1846 (KAM)(LB)

BERGEN PIZZA INCORPORATED, CONSTANTINO
MOYAO RODRIGUEZ, and any other
entities affiliated with or controlled
by BERGEN PIZZA INCORPORATED and/or
CONSTANTINO MOYAO RODRIGUEZ,

           Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

       On August 3, 2012, plaintiff Luis Zurita filed the instant action against defendants Bergen Pizza Incorporated ("Bergen Pizza") and Constantino Moyao Rodriguez, alleging failure to pay the minimum wage, overtime wages, or spread of hour premium in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. (*See* ECF No. 1, Compl. filed 4/2/13.)

       On March 5, 2015, Judge Go issued a Report and Recommendation recommending that the court strike defendants' answers and enter default against both defendants. (ECF No. 28, Report and Recommendation dated 3/5/15 ("R&R").) The R&R concluded that the court should strike defendants' answers and enter default because (1) Bergen Pizza's counsel withdrew on May

21, 2013 (*see* ECF No. 17) and no counsel has entered an appearance on behalf of Bergen Pizza since that date, and (2) Mr. Rodriguez has failed to attend numerous scheduled conferences since withdrawal of his counsel, despite repeated warnings by the court that continued failure to appear would result in default being entered against him, and he has not communicated with the court or plaintiff's counsel since July 2014. (*See* R&R at 2-6.) The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report, or by March 25, 2015. (*See* R&R at 3 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)).) The statutory 14-day period for filing objections has expired and no objections, or requests for extensions of time to file objections, have been filed to date. (*See generally* Docket No. 12-cv-3874.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606,

609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Go's well-reasoned Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. In adopting the Report and Recommendation, the court agrees with Judge Go's application of the factors to be considered when considering Rule 37(b) sanctions and, while mindful of defendants' *pro se* status, finds that lesser sanctions would not be effective given that (1) defendants have willfully ignored Judge Go's orders by failing to attend numerous scheduled conferences despite being given opportunities to reschedule; (2) defendants were repeatedly warned that failure to comply with Judge Go's orders could result in an entry of default; and (3) the duration of defendants' non-compliance, starting with Judge Go's May 21, 2013 order directing that the defendant corporation could not appear *pro se*, and Mr. Rodriguez's failure to appear at five court conferences in 2013 and 2014. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302-303 (2d Cir. 2009).

Accordingly, the court strikes defendants' answers and respectfully directs the Clerk of the Court to enter default, serve a copy of this order upon *pro se* defendants at their respective addresses of record on the docket, and note service on the docket.  Plaintiff should submit his motion for entry of a default judgment no later than April 13, 2015, on notice to defendants.  Defendants shall serve and file any opposing papers two weeks thereafter, or by April 27, 2015.  If defendants fail to file an opposition by April 27, 2015, plaintiff's motion for entry of a default judgment will be deemed unopposed.

**SO ORDERED.**

Dated:    April 2, 2014
          Brooklyn, New York

                                                          /s/
                                      Kiyo A. Matsumoto
                                      United States District Judge